UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERNAN CARLO MACDULA, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SPECIALIZED LOAN SERVICES LLC, et al.,<br><br>    Defendants. | Case No. 20-cv-06723-EMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND**<br><br>Docket No. 12 |

Having considered the parties' briefs and the oral argument of counsel, the Court hereby **GRANTS** Plaintiffs' motion to remand. Defendant has failed to meet its burden of establishing, by a preponderance of the evidence, that there is diversity jurisdiction. *See Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (also noting that a defendant "cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions").

The value of the injunctive relief sought by Plaintiffs – *i.e.*, relief from dual tracking such that their loan modification application is duly considered before Defendant goes down the path of foreclosure, *see* FAC ¶ 23 (asking for "injunctive relief for the material [HBOR] violation until [Defendant] remedies its violation") – is minimal. The injunctive relief would be temporary, long enough to ensure processing of Plaintiffs' application for loan modification without interference of foreclosure actions. The fact that the operative complaint refers, in the prayer for relief, to a permanent injunction barring Defendant from collecting on the loan and from causing the property to be sold is essentially immaterial because such relief is not available for the HBOR claim at issue. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996) (in discussing

amount in controversy, noting that defendant's argument that California Civil Code § 3345 would allow the plaintiff to get treble "*contract* damages is erroneous[;] [b]ecause [defendant's] calculation of the amount in controversy is entirely premised on a misinterpretation of this statute, it has failed to meet its burden of proof") (emphasis in original).

Although Plaintiffs have included a request for punitive damages in the operative complaint, Defendant still must show that, given the facts alleged in the complaint, punitive damages would be significant enough to put the amount in controversy over $75,000, either on their own or in combination with their own remedies. In its opposition, Defendant refers to fraud cases exceeding $75,000, but Plaintiff's operative complaint does not contain any nonconclusory allegations suggesting that fraud is at issue in the instant action. Nor is there any indication that the substantial punitive damages have been awarded in cases such as this involving a dual-tracking claim (as opposed to, *e.g.*, a wrongful foreclosure).

Similarly, although Plaintiffs have indicated that they seek economic and noneconomic damages, Defendant has failed to put forth any concrete evidence that such damages would be significant. For example, it seems unlikely that emotional distress damages would be of a large magnitude given that the real property at issue has not yet been sold.

Finally, with respect to attorney's fees, the instant case does not appear to be particularly complicated such that fees would be unlikely to take this case over $75,000. Moreover, at the hearing, Plaintiffs explicitly confirmed that, for *all* relief requested in the operative complaint (*e.g.*, compensatory damages, punitive damages, injunctive relief, and attorney's fees), they are not seeking more than $75,000. Plaintiffs acknowledge they are bound to this representation.

///
///
///
///
///
///
///

Taking into account all of the above, including but not limited to Plaintiffs' express concession above, the Court grants the motion to remand. The Clerk of the Court is ordered to (1) remand the instant case back to the San Francisco County Superior Court and (2) close the file in this case.

This order disposes of Docket No. 12.

**IT IS SO ORDERED**.

Dated: December 11, 2020

_____
EDWARD M. CHEN
United States District Judge